er and employé, addresses of both, nature of work, hours of labor,. wages offered, destination of employé, terms of transportation, and remarks. This is the paper which plaintiff gave to Manzorannis, and part of which plaintiff denied filling in. An inspection shows at a glance that all the writing was by one person. Hence the conclusion that plaintiff alone filled it in. The evidence indicates that the plaintiff was engaged in obtaining employment for laborers, but, having no license, operated for those who had. It is probable that defendant knew that plaintiff was not licensed, but may he with that knowledge plead a void agreement? particularly as the defendant claims that he was to collect from the men, and not until then pay the plaintiff, which, according to his testimony, he has done. Again, an employ- ment agency has the right to employ others on terms agreed on.

The question to be disposed of is whether plaintiff has sustained the burden of proof. He was flatly contradicted on material points of his testimony by more than one witness, and was not called in rebuttal. He was not corroborated by any circumstances. His denials as to Exhibit A discredited him. If payment had been pleaded, the court would have been justified in so finding.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

HARNETT v. KORSCHERAK.

(Supreme Court, Appellate Term.   June 5, 1908.)

1. LANDLORD AND TENANT—LEASE—VALIDITY—DELIVERY.
    Plaintiff orally agreed to give defendant a two-year lease, and defend-- ant entered the premises. A written lease for the two years was subse- quently signed by defendant and also by plaintiff, who delivered it to his real estate agent; but it was not delivered by him to defendant. *Held,* that no action on the lease would lie, as there was no delivery to de- fendant.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 72.]

2. SAME—TENANCY FROM YEAR TO YEAR—CREATION.
    Where plaintiff agreed to give defendant a two-year lease, and defend- ant entered the premises and took possession under the parol agreement,. a tenancy from year to year was created.

3. SAME—LIABILITY FOR RENT—HOLDING OVER AFTER TERM.
    Where a tenant went into possession under an oral agreement for a two-year lease, and held over after the expiration of the first year, he became a tenant for another year, and was liable for rent for the balance of the term, even after he moved out.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 373–381, 207.]

4. SAME—AGREEMENT—MODIFICATION—RECITALS IN RENT RECEIPT.
    Where defendant went into possession under a parol agreement for a two-year lease, which he admitted, the fact that rent receipts signed by plaintiff's agent contained the words "let by the month only" would not affect the relation already established.

Appeal from Municipal Court, Borough of the Bronx, Second Dis- trict.

Action by John Harnett against Edward Korscherak. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Daniel F. Cohalan, for appellant.

J. Wilson Bryant, for respondent.

PER ·CURIAM. Action for rent. Defendant entered the premises in the month of June, 1906; plaintiff stating to defendant that he would give him a two-year lease. No other terms were mentioned, and defendant entered the premises. Thereafter a written lease for the same term was signed by defendant, and also by plaintiff. Plaintiff delivered it to his real estate agents, who did not deliver it to the defendant. As there was no delivery of the lease, when signed, to defendant, no action on the written lease can be maintained.

Defendant moved out of the premises prior to November 30, 1907, and this action was brought to recover rent for the months of December, 1907, and January, 1908. The parol lease was given for two years from June 1, 1906. Occupation of the premises was taken under the parol lease, and in such case the occupation inures as a tenancy from year to year. Reeder v. Sayre, 70 N. Y. 180, 26 Am. Rep. 567.

The tenant, by holding over and continuing after the expiration of the first year, became tenant for another year, and liable to pay the rent until the expiration of that year. Loughran v. Smith, 11 Hun, 314. Defendant in his testimony admitted the parol leasing for two years. This being once established, the fact that afterwards the rent receipts, signed by the agents of plaintiff, contained the words "let by the month only," cannot affect the relations already established between plaintiff and defendant.

The action was therefore properly brought for rent, and the judgment in favor of the defendant should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.