OPINION OF THE COURT
Harold Baer, Jr., J.
Defendants have moved for an order pursuant to CPLR 3212 granting summary judgment in their favor dismissing the complaint. Plaintiff was a prospective seller of 14 shares in a cooperative corporation. Defendants were alleged copurchasers of the shares.
On June 14, 1984, defendants signed, in the absence of plaintiff and her attorney, a proposed contract for the pur *487 chase of said shares. Paragraph 24 of the proposed contract provided that the agreement "shall not be binding or effective until properly executed and delivered by Seller and Purchaser.” The following day defendants’ attorney forwarded the proposed contract and a deposit check to the plaintiff’s attorney. Plaintiff signed the proposed contract on June 18 and deposited it with her attorney without restrictions. There was no communication between the parties or their attorneys until June 19, when, while the contract was still in the hands of plaintiff’s attorney, the defendants’ attorney contacted plaintiff’s attorney and purported to renege on the defendants’ accord. That same day, defendant stopped payment on the deposit check.
Plaintiff now sues for breach of the alleged contract. The specific issue in dispute on this motion is whether the plaintiff’s actions constituted a sufficient delivery of the executed contract so as to render it enforceable against the defendants.
The plaintiff, in having a cooperative interest in real estate, had two interconnected forms of ownership. She owned shares of stock in the cooperative corporation and also possessed a proprietary leasehold. (All Seasons Resorts v Abrams, 68 NY2d 81 [1986].) Perhaps someone might wish to argue that a cooperative interest should be treated for present purposes as an interest in personal property because of the role of the shares in the possession of the interest. No such argument, however, is made here. The parties agree that ownership of a cooperative apartment unit should be treated as are other forms of real property ownership.
In 219 Broadway Corp. v Alexander’s, Inc. (46 NY2d 506 [1979]), the Court of Appeals addressed the issue of delivery of a real estate contract. The court held that the absence of delivery renders a commercial lease, as in the case of an interest in land generally, ineffective. To give effect to a valid delivery, the court ruled, there must be acts or words or both which clearly manifest that it is the intent of the parties that an interest be conveyed. (46 NY2d, at 512.) Signing alone is not enough. Said the court: "The due signature of the lease instrument is but one step * * *. Delivery requires something more. There must be evidence of an unequivocal intent that the interest intended to be conveyed is, in fact, being conveyed. The mere signing of the instrument by parties not in the presence of each other, without more, does not evince such intent” (supra, at 512).
*488 The underlying justification for requiring, in addition to signature, some unequivocal manifestation of an intent to be bound is a sound one. The requirement insures that the interest sought to be conveyed is conveyed precisely as and when the parties intend and that both parties would thenceforth be bound by the terms of the contract.
The critical question then becomes, was there a sufficient delivery in this case? Defendants appear to misread 219 Broadway (supra) to require actual, physical delivery of the document. If that were the test, defendants, without doubt, would triumph here. But the Court of Appeals made no such holding in that case. To the contrary, the court recognized that "the concept of delivery is not given to precise definition or controlled by fixed formalities” (supra, at 512). Rather than a physical transfer of the document as the standard for delivery, the court defined the concept as "acts or words or both acts and words which clearly manifest that it is the intent of the parties that an interest in the land is, in fact, being conveyed to the lessee.” (46 NY2d, at 512.) Thus, the mere fact that defendants did not actually receive the contract does not necessarily signify that plaintiff did not "deliver” the contract. It is, as the Court of Appeals noted in 219 Broadway (supra), common in the practices of the modern business world for parties to draft and sign documents transferring interests in real property prior to the date as of which the parties intend the transaction to become irrevocable. "By requiring delivery, the law facilitates the true expectations of the parties by ensuring that the interest in the property is not conveyed until that moment when the parties so intend.” (46 NY2d, at 512.)
Delivery was thus required to effectuate the transfer of this cooperative interest. This is made even clearer by the fact that the contract at issue contained an express provision that the terms would not be binding until the contract was "executed and delivered by the Seller”. This requirement itself indicates that the intent of the parties was that they would be bound not by mere execution, but by additional conduct that would manifest to the defendants that their proposal was now formally accepted.
In my view, however, plaintiff did not do enough here to constitute a delivery of the contract. Plaintiff’s position is that she turned the contract over to her attorney and that she intended that it be binding as of the moment of that transfer. The attorney in question was plaintiff’s attorney, her agent; *489 the document was thus still under her control. One authority cited by the Court of Appeals in 219 Broadway (46 NY2d 506, supra) has the following to say on this point: "Delivery may be by acts or words or both if intended to give life to the contract. Delivery in a popular sense implies an actual transfer of possession from one person to another and such a transfer made unconditionally constitutes a valid delivery, but a manual transfer of the instrument in writing, required by the Statute of Frauds, is not always necessary. If the grantee, by formal assent, or unequivocal acts, such as entering into possession, treats the writing as in his possession, it is sufficient to constitute a delivery. A delivery by the landlord of the lease to his agent for delivery to the lessee does not constitute a delivery so long as the instrument remains in the possession of the agent, since it is still under the control of the landlord. Delivery to an agent of the proposed lessee with directions that it be not delivered to the lessee except upon specified conditions, is effective to prevent delivery in the absence of such conditions, notwithstanding that the conditions prescribed would have had little or no effect upon other rights of the parties. Delivery obtained by the lessee without the knowledge or consent of the lessor is not a legal delivery.” (3 Thompson, Real Property § 1059, at 221-222 [1980].) Thompson goes on to say that "[retention of the lease by the lessor is not conclusive evidence of its nondelivery and if such retention is with the consent of the lessee, it must be considered as delivered, if the parties understand it has been executed and is in operation.” (Id., at 222.) (See, Scroggins v Roper, 548 SW2d 779 [Tex Civ App 1977]; Roberts v Cyr, 136 Me 39, 1 A2d 281 [1938]; Woods v Osborn, 113 SW2d 636 [Tex Civ App 1938].) See also Reed v Eastin (379 Ill 586, 593, 41 NE2d 765, 769 [1942]), wherein the court said: "Delivery of a deed to a third person for the grantee or lessee, where the grantor intends to divest himself of control of the instrument and parts with its control, effects a delivery at the time of the manual transfer.”
In this case, the plaintiff may have subjectively and silently intended at the moment of delivery to her agent that the deal was done, but her intention was not conveyed to any outside party. Her agent retained control over the document and she was thus in a position to change her mind at any moment. Suppose the situation had been reversed and it was she who withdrew and defendants who wished to proceed. Had she changed her mind, she would not certainly stoutly resist an *490 argument by defendants that the delivery to her attorney constituted delivery to defendants. She would insist that her attorney was her agent and that even if she had turned the document over in a conveying frame of mind, she was free to change her mind so long as the document was under her dominion and control, as it surely was while in the hands of her attorney. I am persuaded that she would have the better of the argument in that hypothesis but has the lesser on the facts here. This is not a case, such as that described by Thompson, in which retention is with the consent of the other side. There are no ambiguities or conflicts in the facts that require resolution at trial. I hold as a matter of law that delivery by a party to an attorney who is acting only in behalf of that party is not sufficient to constitute delivery to the purchaser in the absence of notice to the purchaser, acquiescence by the purchaser in the seller’s retention or conduct by the parties indicating that the transfer has been effected. See Hartnett v Korscherak (59 Misc 457 [App Term 1908]), wherein it was held that no valid lease existed when the tenant and the landlord had signed the lease and the landlord had delivered it to his real estate agents, who never sent it to defendant.
In concluding as I do that the actions of the plaintiff were not sufficient to satisfy the delivery requirement under New York law and the expressed terms of the contract, I do not venture to suggest any comprehensive catalogue of those actions that will suffice to satisfy the delivery requirement and create an enforceable contract. I note that any prospective contracting parties who are unhappy with the effect of this decision have at hand a ready solution — they need only define in their agreement the acts or words that shall constitute delivery.
In sum, I hold that the plaintiff’s failure to deliver the contract prior to the defendants’ rescission of their offer rendered the contract unenforceable. Accordingly, defendants’ motion for summary judgment is granted.