■ JOSEPH T. BANDO et al., Respondents-Appellants, v ALVIN A. ACHENBAUM et al., Appellants-Respondents, et al., Defendants. [651 NYS2d 74] —In an action, *inter alia,* to recover damages for breach of contract, (1) the defendants Prudential Treefrog Realty and Barbara Eisert appeal from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered September 27, 1995, as denied those branches of their motion which were (a) for summary judgment dismissing the complaint insofar as asserted against them, or, pursuant to CPLR 3211 (a) (7), to dismiss the fifth, sixth, and seventh causes of action and (b) pursuant to Code of Professional Responsibility DR 5-101 (22 NYCRR 1200.20) and DR 5-102 (22 NYCRR 1200.21) to disqualify the plaintiffs' counsel, Jacob D. Fuchsberg Law Firm, from representing the plaintiffs in this action, (2) the defendant Alvin A. Achenbaum separately appeals from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and (3) the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion of the defendants Prudential Treefrog Realty and Barbara Eisert which was to dismiss the tenth cause of action to recover damages for intentional infliction of mental distress.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied the motions of the defendant Alvin A. Achenbaum and the defendants Prudential Treefrog Realty and Barbara Eisert for summary judgment dismiss-

ing the complaint insofar as asserted against them and substituting therefor provisions granting the appellants' respective motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs to the appellants-respondents appearing separately and filing separate briefs, and the action against the remaining defendants is severed.

In March 1994, the plaintiffs purchased a house from the defendant Alvin A. Achenbaum through the defendant Prudential Treefrog Realty, a real estate brokerage corporation. The defendant Barbara Eisert is a real estate broker employed by Prudential Treefrog Realty (hereinafter collectively referred to as Treefrog/Eisert) and was the broker in the transaction. The plaintiffs commenced this action a few months after the closing, alleging several causes of action against Treefrog/Eisert and Achenbaum, based essentially on alleged misrepresentations made by these defendants regarding the extent of termite damage.

We find that the separate motions of Treefrog/Eisert and Achenbaum for summary judgment dismissing the complaint insofar as asserted against them were improperly denied. The crux of the plaintiffs' claims against Achenbaum and Treefrog/ Eisert is their alleged failure to volunteer the fact that termite infestation at the house might have been greater than the plaintiffs expected. However, mere silence is insufficient to support a cause of action sounding in fraudulent misrepresentation, particularly where the plaintiffs were on notice of a condition prior to closing and failed to discover the severity of the problem *(see, Moser v Spizzirro,* 31 AD2d 537, *affd* 25 NY2d 941; *Copland v Nathaniel,* 164 Misc 2d 507). The general rule is that " 'if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations' " *(Danann Realty Corp. v Harris,* 5 NY2d 317, 322, quoting *Schumaker v Mather,* 133 NY 590, 596).

The termite infestation was not peculiarly within the knowledge of Achenbaum. Prior to closing, the plaintiffs engaged the defendants Joseph Perri, P.E. and J. P. McHale Pest Management, Inc., to inspect the house. The reports of these plaintiffs' experts indicated the presence of termites on the premises. Concededly, the plaintiffs, who were present during the inspec-

tions, also observed termites in the lower level area of the house. Based upon information provided them by Achenbaum and/or Eisert, the plaintiffs also obtained a record of termite treatment at the premises from Terminix International, the company which had performed the extermination services, and were aware that the premises were covered under a termite warranty. The letter of the plaintiffs' attorney to Achenbaum's attorney, which was written prior to closing, also noted the "on-going" termite infestation at the premises.

Furthermore, the plaintiff Joseph Bando admitted at his deposition that Achenbaum never told him or his wife, the plaintiff Diane Welch Bando, anything that was not true, that he saw that some of the studs in the lower level had been replaced, that he saw mud lines in the lower level of the premises, and that during his inspection of the house on January 7, 1994, he saw "new construction" in the lower level of the house. Thus, the facts alleged to have been concealed by Achenbaum and Treefrog/Eisert could have been discovered by the plaintiffs through the exercise of reasonable diligence. "[A] party will not be heard to complain that he has been defrauded when it is his own evident lack of due care which is responsible for his predicament" *(Rodas v Manitaras,* 159 AD2d 341, 343).

Furthermore, the contract of sale contains a provision pursuant to which the plaintiffs specifically disclaimed reliance on any representations, written or oral, of Achenbaum and/or his representative. This disclaimer is inconsistent with the plaintiffs' claim of fraudulent misrepresentation. "While a general merger clause will not operate to bar parol evidence of fraud in the inducement * * * where the parties expressly disclaim reliance on the representations alleged to be fraudulent, parol evidence as to those representations will not be admitted" *(Rodas v Manitaras, supra,* at 342; *see also, Citibank v Plapinger,* 66 NY2d 90; *Danann Realty Corp. v Harris,* 5 NY2d 317, *supra; Sabo v Delman,* 3 NY2d 155).

The court properly dismissed the plaintiffs' claim for intentional infliction of emotional distress. Assuming the allegations in the complaint to be true, they do not rise to the level of outrageous conduct on the part of the appellants-respondents *(see, Howell v New York Post Co.,* 81 NY2d 115; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303; *Andrews v Bruk,* 220 AD2d 376).

In light of our determination, we have not considered the parties' remaining contentions. Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.