■ PHYLLIS COHEN, Appellant, v PAULA CERIER, Respondent. [663 NYS2d 643] —In an action to recover a down payment on the sale of certain real property, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Bucaria, J.), dated October 17, 1996, which granted that branch of the defendant's motion which was for summary judgment on the issue of liability and denied her cross motion for summary judgment, and (2) an order of the same court, dated December 19, 1996, which granted the defendant's motion for reargument and, upon reargument, awarded the defendant the principal sum of $25,200 on the defendant's counterclaim, and which denied her cross motion for reargument.

Ordered that the appeal from the order dated October 17,

1996, is dismissed, as that order was superseded by the order dated December 19, 1996, made upon reargument; and it is further,

Ordered that the plaintiff's appeal from so much of the order dated December 19, 1996, as denied her cross motion to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 19, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff entered into a contract with the defendant to purchase the defendant's condominium. When the defendant was unable to locate bills indicating the yearly real estate taxes on the property, the plaintiff insisted that a representation as to such be added to the contract. Accordingly, a clause was added to the contract asserting that real estate taxes on the property were "about $4,600.00 per year". It was later discovered that such taxes were actually $5,406.38 per year. The plaintiff, asserting that the real estate tax figure set forth in the contract constituted a material misrepresentation, informed the defendant that she would not close on the property. The defendant denied that the misrepresentation was either intentional or material, declared time to be of the essence, and set a date, time, and place for closing. Further, she noted that if the plaintiff failed to appear for the closing, she intended to retain the down payment as liquidated damages pursuant to the terms of the contract. On the law day, the defendant appeared ready, willing, and able to convey title. However, the plaintiff did not appear and closing did not take place. Accordingly, the defendant retained the plaintiff's down payment of $25,200. The plaintiff thereafter commenced this action to recover her down payment, seeking rescission of the contract or damages for fraud. The defendant answered and counterclaimed for breach of contract. After issue was joined, both parties moved for summary judgment. The Supreme Court granted summary judgment in favor of the defendant. We affirm.

The Court of Appeals has stated that "whether the mistake be of one or both of the parties, the law is that rescission is proper only when 'the mistake is so material that we can see it goes to the foundation of the agreement'" (*Da Silva v Musso*, 53 NY2d 543, 552). Here, even assuming, arguendo, that the real estate tax figure set forth in the contract was intended to be an exact or nearly exact figure, an assumption belied by the use of the word "about", the Supreme Court correctly found, as a matter of law, that in light of the contract as a whole, includ-

ing, *inter alia,* the purchase price of over $250,000 and common charges of $250.41 per month, the difference between the represented amount and the actual amount of such annual taxes on the property was not so material a mistake that it went to the foundation of the contract. Thus, the plaintiff was not entitled to rescission.

A claim of fraud will not lie if, *inter alia,* the misrepresentation allegedly relied upon was not a matter within the peculiar knowledge of the party against whom the fraud is asserted, and could have been discovered by the party allegedly defrauded through the exercise of due diligence (*see, Danann Realty Corp. v Harris,* 5 NY2d 317; *Superior Realty Corp. v Cardiff Realty,* 126 AD2d 633; *Most v Monti,* 91 AD2d 606). Here, the actual amount of real estate taxes on the property was not a matter peculiarly within the knowledge of the defendant. It could have been discovered by the plaintiff through the exercise of due diligence. Thus, the plaintiff's allegations are insufficient to raise a triable issue of fact as to fraud. Accordingly, because the plaintiff's failure to perform the contract was otherwise unexcused, the defendant was properly granted summary judgment on the issue of liability and awarded damages in the amount of the plaintiff's down payment in accordance with the term of the contract. Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.