■ 71 MAIN STREET ASSOCIATES, Respondent, v JOHN GROSSO et al., Appellants. [667 NYS2d 772] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Proskin, J.H.O.), entered November 14, 1996 in Ulster County, upon a decision of the court in favor of plaintiff.

In July 1994, plaintiff, the owner of a three-story commercial building located in the Village of New Paltz, Ulster County, al-

legedly entered into a lease with defendants, who had expressed interest in renting a portion of that building for a coffee shop. The trial evidence established that on July 19, 1994, Steve Goldman, one of plaintiff's principals, sent a proposed lease to defendant Tony Grosso in California. Grosso spoke with Goldman by telephone one week later, suggesting several changes to the lease terms. Some of these proposals were orally accepted by Goldman; Grosso penned the changes into the lease, signed it as amended and faxed it back to Goldman. Goldman then faxed the document, with Grosso's signature, to the office of Steven Vermilye, a general contractor with whom Goldman had worked in New Paltz, for the purpose of obtaining defendant John Grosso's signature thereon. John Grosso signed the lease agreement at Vermilye's office, while speaking with Goldman on the telephone, and wrote a check payable to plaintiff for $3,585, representing the security deposit and first month's rent. Vermilye then mailed the lease, with Tony Grosso's facsimile signature and John Grosso's original signature, along with the check to Goldman.

Goldman testified that upon receiving the lease on July 27, 1994, he signed it and attempted to deposit the check. Two days later, however, he received a fax communication from defendants' attorney, advising him that defendants were no longer interested in renting the premises and had stopped payment on the check. Plaintiff then commenced this action, charging defendants with breaching the terms of the lease and seeking damages in the amount of $28,680—the entire amount of rent due for the two-year lease period, as permitted by a rent acceleration clause contained in the agreement—along with $3,500 for counsel fees. Following a bench trial, Supreme Court found that the parties had entered into a valid and binding lease, and rendered judgment in plaintiff's favor. Defendants appeal.

We reverse. Because the "fundamental purpose" of a lease is to convey an interest in real property, "any rights or obligations of the parties which may be embodied in the lease remain dormant" until that conveyance is complete (*219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 511). No such transfer can occur, however, in the absence of "delivery", that is, some acts or words, beyond the mere signing of the agreement, which evidence "an unequivocal intent that the interest intended to be conveyed is, in fact, being conveyed" (*id.*, at 512). Here, while Goldman's oral assent to the changes Tony Grosso made to the lease may have constituted acceptance of defendants' counteroffer, neither that acceptance, nor Goldman's later signing of the agreement, satisfies the "delivery" requirement.

Even when viewed in the light most favorable to plaintiff, the trial evidence does not provide any basis for concluding that Goldman delivered either the final, executed lease or possession of the premises (*see, Shulkin v Dealy,* 148 Misc 2d 486, 489) to defendants, or that his actions unambiguously demonstrated an intention to actually convey the leasehold interest prior to defendants' repudiation of the contract. Not insignificantly, defendants testified that they did not consider their execution of the lease to be binding, but believed that their signatures and deposit would simply serve to hold the premises while they continued to negotiate the terms of the lease. Moreover, Goldman himself agreed that at least one issue—defendants' request that their prior deposit of $990 be applied toward the first month's rent—was still "negotiable". In these circumstances, it cannot be said that the parties acted in such a manner as to "clearly manifest" an intention that their transaction be irrevocable. There being no delivery, the lease never became effective; hence, plaintiff cannot recover thereunder.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and complaint dismissed.