■ JOSEPH B. MCMANUS et al., Appellants, v FRANTZ N. MOISE et al., Respondents. [691 NYS2d 166] —In an action, *inter alia,* to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feuerstein, J.), entered May 12, 1998, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

In 1997 the plaintiffs purchased a house from the defendants. Prior to executing the contract of sale, the plaintiffs received a professional termite inspection report which, *inter alia,* indicated that the property had suffered extensive structural damage from termite infestation. The report also stated that there was "[p]ossible hidden termite damage behind sheet rock wall" and "strongly advise[d] further examination". Thereafter the plaintiffs' attorney added a rider to the contract which provided that the plaintiffs could conduct a second inspection "without removing the sheetrock" within 25 days after the execution of the contract, and that if such inspection revealed termite damage that would cost more than $3,000 to repair, they could cancel the contract and their down payment would be refunded. There is no evidence that the plaintiffs ever conducted a second inspection, and the parties closed on the property on June 10, 1997.

The plaintiffs claim that in July 1997 they discovered extensive termite damage throughout the house which would cost approximately $50,000 to repair. They commenced the instant action, *inter alia,* alleging that the defendants fraudulently misrepresented the extent of the termite damage which was intentionally concealed.

The Supreme Court properly dismissed the complaint. It is well settled that in a contract for the sale of real property, "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he [or she] must make use of those means, or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentations" (*Schumaker v Mather,* 133 NY 590, 596; *see, Danann Realty Corp. v Harris,* 5 NY2d 317, 322; *see also, Bando v Achenbaum,* 234 AD2d 242). The plaintiffs were aware, prior to contract, that the house had visible, structural termite damage as well as potentially more extensive damage behind the walls. Nevertheless, they agreed to a second inspection procedure which, by its very terms, prevented their adequately investigating the problem, and they then purchased the property without even availing themselves of the second inspection. Under these circumstances, the plaintiffs cannot now be heard to complain that they have been defrauded. It was their own lack of diligence that is responsible for their current predicament (*see, Rodas v Manitaras,* 159 AD2d 341; *Bando v Achenbaum, supra*).

We further note that the contract of sale contained a disclaimer whereby the plaintiffs acknowledged that they had "examined the premises"; the defendants did not make "any representations as to the physical condition" of the premises; the plaintiffs "expressly acknowledge[d] that no such representations [had] been made", and that the house was being sold in an "as is" condition. These provisions were sufficiently specific to preclude the plaintiffs' reliance on any alleged pre-sale misrepresentations by the defendants concerning the existence of, or extent of, termite damage or infestation (*see, Citibank v Plapinger,* 66 NY2d 90; *Barnes v Gould,* 55 NY2d 943; *Couch v Schmidt,* 204 AD2d 951). O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.