PAIS-BUILT HOMES, INC., Respondent-Appellant, v J. PETER BECKETT et al., Appellants-Respondents, et al., Defendants. [747 NYS2d 781]

The appeal and the cross appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Mat-*

*ter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal and the cross appeal from the orders are brought up for review and have been considered on the appeal and the cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

We agree with the Supreme Court that there was a binding contract between the parties for the sale of a home. The contract provided that if radon were found in the home above "applicable standards," the plaintiff would have to ventilate the basement. Paragraph 28 (a) of the contract provided that "[a]ll prior understandings, agreements, representations and warranties, oral or written, between Seller and Purchaser are merged in this contract; it completely expresses their full agreement and has been entered into after full investigation, neither party relying upon any statement made by anyone else that is not set forth in this contract." Finally, the contract provided that it was not "binding or effective until duly executed and delivered by Seller and Purchaser."

The defendants J. Peter Beckett and Alison L. Sprout, also known as Alison Beckett (hereinafter the defendants), signed the contract and forwarded it to their attorney who then forwarded it to the plaintiff's attorney with the down payment by overnight mail. On March 10, 1999, the president of the plaintiff corporation signed the contracts which were then placed in overnight mail to be delivered to the defendants.

The defendants ultimately repudiated the contract of sale and requested a return of their down payment. The plaintiff commenced this declaratory judgment action arguing that it was entitled to retain the down payment as liquidated damages since the defendants breached the contract. The defendants counterclaimed, seeking damages on the ground that they had been fraudulently induced into signing the contract owing to the plaintiff's failure to disclose the level of radon on the property. The plaintiff moved for summary judgment. Its motion was granted, and this appeal ensued.

The Supreme Court properly determined that the contract was binding once the plaintiff signed it and mailed it back to the defendants (*see 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 511-512; *Vassar v Camp,* 11 NY 441; *Shulkin v Dealy,* 148 Misc 2d 486, 489).

With regard to the alleged misrepresentations or omissions as to the presence of radon on the premises, the contract was sufficiently specific to bar the defendants from claiming that they were fraudulently induced into entering the contract (*see Leon Co. v Towers,* 194 AD2d 600, 601). The level of radon present in the house was not a matter peculiarly within the

plaintiff's or the broker's knowledge. The defendants failed to show that they could not ascertain the truth of the representation through the exercise of due diligence (*see Cohen v Cerier,* 243 AD2d 670, 672).

The parties' remaining contentions are without merit. Altman, J.P., Goldstein, H. Miller and Rivera, JJ., concur.