■ M & T MORTGAGE CORPORATION, Appellant, v JOCELYN ALLEYNE et al., Respondents. [776 NYS2d 909]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 1, 2003, as denied those branches of its motion which were for summary judgment, for a reference to compute the amount due, and to dismiss the defendant Jocelyn Alleyne's counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment, for a reference to compute the amount due, and to dismiss the defendant Jocelyn Alleyne's counterclaims are granted, and the matter is remitted to the Supreme Court, Kings County, for the appointment of a referee to compute the amount due.

On August 22, 2000, the defendant Jocelyn Alleyne purchased a multi-family residence (hereinafter the property) from 665 Watkins Street Corp. (hereinafter 665 Watkins), a real estate investment company. American Capital Mortgage Bankers, Ltd. (hereinafter American Capital), loaned Alleyne the sum of $246,300 to finance the purchase of and repairs to the property.

At the closing, Alleyne executed a note and mortgage. American Capital endorsed the note to the plaintiff M & T Mortgage Corporation (hereinafter M & T), a company engaged in the business, inter alia, of purchasing and servicing residential mortgage loans originated by other lenders. American Capital delivered the note and a duly executed assignment of the mortgage to M & T.

In June 2001 Alleyne defaulted on her payments. Thereafter, M & T commenced this action to foreclose the mortgage. In her answer, Alleyne asserted, inter alia, as counterclaims, that the "plaintiff's predecessor" American Capital, together with 665 Watkins and Premier Appraisal Services fraudulently induced her to purchase the property and execute the loan documents by misrepresenting the value and the condition of the property.

M & T moved for, among other relief, summary judgment, a reference to compute the amount due, and to dismiss the counterclaims of the defendant Jocelyn Alleyne. The Supreme Court denied those branches of the motion. We reverse the order insofar as appealed from.

M & T established its entitlement to judgment as a matter of law by submitting proof of the existence of the mortgage and mortgage note, and alleging Alleyne's failure to make the mortgage payments (see Kitain v Windley, 283 AD2d 463 [2001]; Delta Funding Corp. v Yaede, 268 AD2d 554 [2000]). In opposition, Alleyne failed to establish the existence of a triable issue of fact. Alleyne asserted only conclusory allegations of fraud with respect to M &T. Further, Alleyne cannot complain that she was defrauded by M & T, since the matters allegedly represented, namely, the value and the condition of the property, were not within the peculiar knowledge of M & T, and Alleyne could have discovered the true nature of the representations through the exercise of her ordinary intelligence or reasonable diligence (see Pais-Built Homes v Beckett, 297 AD2d 726, 728 [2002]; McManus v Moise, 262 AD2d 370, 371 [1999]; Cohen v Cerier, 243 AD2d 670, 672 [1997]; Bando v Achenbaum, 234 AD2d 242, 244 [1996]; Shui Ching Chan v Bay Ridge Park Hill Realty Co., 213 AD2d 467, 469 [1995]; Eisenthal v Wittlock, 198 AD2d 395, 396 [1993]).

Accordingly, we remit the matter to the Supreme Court, Kings County, for the appointment of a referee to compute the amount due. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.