■ ANTHONY S. VERGATOS & FAMILY, INC., Respondent, v T.C. MANAGEMENT LLC et al., Appellants. [791 NYS2d 3]—

Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered September 18, 2003, which, in this action upon a contract for the sale of real property, inter alia, granted plaintiff seller's cross motion for summary judgment as to liability, unanimously affirmed, with costs.

Defendants do not dispute that they intended to enter into the contract or that they in fact executed the contract and forwarded it to plaintiff. Rather they maintain that the contract never became binding because the contract's delivery condition was not satisfied, the fully executed contract having been, according to defendants, misdelivered by the messenger sent by plaintiff's attorney and placed in the hands of someone other than defendants' attorney. Under the circumstances obtaining, however, the contract was effectively delivered and became valid and binding when it was dispatched by plaintiff's attorney to the address at which defendants' counsel had accepted mail throughout the course of the parties' dealings (*see Pais-Built Homes, Inc. v Beckett*, 297 AD2d 726, 727 [2002], citing *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 511-512 [1979]). Concur—Mazzarelli, J.P., Saxe, Ellerin, Williams and Sweeny, JJ.