■ Jason Goldfarb, Appellant, v Jeffrey C. Hoffman, Esq., et al., Respondents. [32 NYS3d 79]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about February 17, 2015, which, to the extent appealed from as limited by the briefs, upon defendants' motion to dismiss so much of the breach of contract cause of action as is based on paragraphs 16-20, dismissed the complaint in its entirety, and denied plaintiff's cross motion to compel arbitration, unanimously modified, on the law, to reinstate so much of the contract claim as is based on paragraph 15 and to deem paragraphs 23 and 24 to allege breach of contract and add those paragraphs to the reinstated contract claim, and otherwise affirmed, without costs.

Plaintiff did not have a right to arbitrate his fee dispute under the retainer agreement with defendants, his former counsel (*see Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. v Torino Jewelers, Ltd.*, 44 AD3d 581, 583 [1st Dept 2007]). The

parties' contract said that plaintiff had the right to arbitrate "as provided by 22 NYCRR [Part] 137." Part 137 does not apply to "representation in criminal matters" (22 NYCRR 137.1 [b] [1]). Defendants represented plaintiff in a federal criminal matter.

The court had the power to dismiss the entire complaint sua sponte, even though defendants only moved to dismiss five specific paragraphs (*see Wehringer v Brannigan*, 232 AD2d 206, 207 [1st Dept 1996], *appeal dismissed* 89 NY2d 980 [1997]).

We affirm the dismissal of the fraud claim, albeit on different grounds than the motion court cited. Plaintiff failed to allege any of the required elements of fraud, viz., "representation of a material existing fact, falsity, scienter, deception and injury" (*Edison Stone Corp. v 42nd St. Dev. Corp.*, 145 AD2d 249, 257 [1st Dept 1989]).

The motion court correctly dismissed paragraphs 16-20 on the ground that allegations that an attorney failed to exercise due care do not state a cause of action for breach of contract (*see Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38-39 [1st Dept 1998]). However, paragraph 15, which alleges that defendants breached the parties' contract by failing to return the unused portion of the retainer to plaintiff, alleges the breach of a specific promise and therefore should be allowed to survive. Similarly, paragraphs 23 and 24, which allege that defendants, in violation of the retainer agreement, billed for work which was not actually done and billed for an employee who was not admitted to the bar at a billing rate commensurate with that for an attorney, should remain in the complaint as part of plaintiff's contract claim. Paragraph 24 arguably alleges the breach of a specific promise in the retainer agreement, viz., the schedule of rates.

By contrast, the parties' agreement says nothing about paying referral fees or the frequency with which defendants must provide plaintiff with billing statements, thereby refuting the claims in paragraphs 14 and 25 of the complaint.

We have considered and rejected plaintiff's remaining claims. Concur—Friedman, J.P., Acosta, Moskowitz, Kapnick and Gesmer, JJ.