Gheorghe Petre, Plaintiff-Appellant,
against
Alouidor & Associates, Lenny Pinkhasov, Stewart Title Search Company, AAA Home Service Inc., and Vincenzo Traviglia, Defendants-Respondents.



Plaintiff, as limited by his brief, appeals from (1) an order of the Civil Court of the City of New York, Bronx County (Shawn T. Kelly, J.), entered August 29, 2016, which denied his motion to vacate a so-ordered stipulation of settlement dated March 4, 2016; (2) orders of the same court (Joseph E. Capella, J.), entered, respectively, November 12, 2015, December 15, 2015, January 13, 2016 and December 13, 2016, which denied his motions to amend the complaint; and (3) a judgment of the same court (Paul L. Alpert, J.), entered January 9, 2017, which granted defendants' motion to dismiss the action at the close of plaintiff's case.




Per Curiam.
Judgment (Paul L. Alpert, J.), entered January 9, 2017, affirmed, without costs. Appeal from orders (Shawn T. Kelly, J.), entered August 29, 2016, and (Joseph E. Capella, J.), entered November 12, 2015, December 15, 2015, January 13, 2016 and December 13, 2016, dismissed, without costs, as subsumed in the appeal from the judgment. 
The trial court correctly dismissed the action at the close of plaintiff's case. Viewing the evidence in the light most favorable to plaintiff, there was no rational basis by which the trier of fact could have found in his favor on his purported legal malpractice claim (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). Plaintiff failed to present any competent evidence to demonstrate that the firm that represented him in a real estate transaction, defendant Alouidor & Associates, P.C., did not exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]).
Even accepting plaintiff's contention that the law firm defendant breached the specific provision of the retainer agreement requiring "representation at closing" (see generally Goldfarb v Hoffman, 139 AD3d 474, 475 [2016]), plaintiff failed to establish that the breach was the [*2]proximate cause of the damages complained of - the cost to replace the roof of the property purchased. Nor in any event did plaintiff show that a defect in the roof existed at the time of closing or that a complete replacement of the roof was required.
The action was also properly dismissed against defendant Traviglia, since he was not the owner of the property sold to the plaintiff. In any event, any claim that, prior to closing, Traviglia stated that the roof was in good condition, was properly dismissed because plaintiff purchased the property "as is" (see Mosca v Kiner, 277 AD2d 937, 939 [2000]; McManus v Moise, 262 AD2d 370, 371 [1999]).
We have examined plaintiff's remaining arguments and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 27, 2017