Kaufman v Boies Schiller Flexner, LLP (2022 NY Slip Op 06883)

Kaufman v Boies Schiller Flexner, LLP

2022 NY Slip Op 06883

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 

Index No. 154149/18 Appeal No. 16817 Case No. 2021-04292 

[*1]Beth Coplan Kaufman, Plaintiff-Appellant,
v
Boies Schiller Flexner, LLP, et al., Defendants-Respondents.

Davidoff Law Firm, PLLC, New York (Jonathan Marc Davidoff of counsel), for appellant.
Boies Schiller Flexner LLP, New York (Erica N. Sweeting of counsel), for Boies Schiller Flexner LLP, respondent.
Furman Kornfeld & Brennan LLP, New York (Jason H. Seiler of counsel), for Dina Kaplan, Bender and Kaplan, PC and Joel C. Bender, PC, respondents.
Catalano Gallardo & Petropoulos, LLP, Jericho (Matthew K. Flanagan of counsel), for Bender and Rosenthal, LLP individually and as successor in interest to Bender Rosenthal Isaacs & Richter, LLP, respondents.

Order, Supreme Court, New York County (James E. D'Auguste, J.), entered on or about April 22, 2o21, which granted defendants' motions to dismiss the complaint, unanimously modified, on the law, to reinstate the breach of contract cause of action against defendant Boies Schiller Flexner, LLP (BSF) to the extent premised on overbilling and billing for unnecessary expenses associated with attorneys not admitted to practice law in, or based out of, New York, and otherwise affirmed, without costs.
The complaint stated a limited cause of action for breach of contract against BSF. The complaint sufficiently alleged that BSF overbilled or billed for unnecessary expenses associated with attorneys not admitted to practice law in, or based out of, New York, and the documentary submissions do not utterly refute those allegations (e.g. Ullmann-Schneider v Lacher & Lovell-Taylor, P.C., 121 AD3d 415, 416 [1st Dept 2014]; Goldfarb v Hoffman, 139 AD3d 474, 475 [1st Dept 2016]; Cascardo v Dratel, 171 AD3d 561, 562 [1st Dept 2019]; see CPLR 3211[a][1], [7]). The complaint otherwise failed to state a cause of action for breach of contract or violation of Judiciary Law § 487(1) (see generally Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445, 445-446 [1st Dept 2016]; Brookwood Cos., Inc. v Alston & Bird, LLP, 146 AD3d 662, 669 [1st Dept 2017]; Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]; CPLR 3211[a][7]). We decline to modify the order for review to indicate that dismissal was without prejudice as plaintiff has not sought clarification or relief from Supreme Court in the first instance.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022