■ PAUL RODAS et al., Appellants, v ANASTASIOS MANITARAS et al., Respondents.—Order of the Supreme Court, New York County (Leonard Cohen, J.), entered on or about November 4, 1988, which granted defendants' motion for summary judgment (CPLR 3212) dismissing the complaint, unanimously affirmed, without costs.

Pursuant to a contract of sale dated November 6, 1987, plaintiffs purchased a restaurant business from defendant Oyster House, Inc. Plaintiffs later signed a lease agreement for the premises dated March 9, 1988 with defendant Manitaras. Plaintiffs brought this action seeking rescission of the sale and lease agreements on the ground that defendants' false representations that the income of the business was $20,000 a week fraudulently induced them to enter into said agreements.

Paragraph 20 of the contract of sale contains a general merger clause and specifically recites that the business, its

equipment, fixtures, chattels and furnishings are purchased in the exercise of plaintiffs' business judgment "and not upon any representations made by the seller, or by anyone acting in his behalf, as to the character, condition or quality of said chattels, fixtures, equipment and furnishings or as to the past, present or prospective income or profits of the said business, other than those contained in this agreement." While a general merger clause will not operate to bar parol evidence of fraud in the inducement *(Sabo v Delman,* 3 NY2d 155), where the parties expressly disclaim reliance on the representations alleged to be fraudulent, parol evidence as to those representations will not be admitted *(Citibank v Plapinger,* 66 NY2d 90; *Danann Realty Corp. v Harris,* 5 NY2d 317). Plaintiffs, however, allege that a specific disclaimer clause cannot bar the introduction of parol evidence of prior misrepresentations where the facts misrepresented were peculiarly within the knowledge of the defendant (citing *Danann Realty Corp. v Harris, supra).*

The defect in plaintiffs' reasoning lies not in the statement of the rule, but in their perception of its application. A classic example is provided by *Tahini Invs. v Bobrowsky* (99 AD2d 489), in which the purchaser of land discovered 15 or more drums containing a hazardous material buried on the property. Although the contract contained specific language that the purchaser was not relying on representations as to the physical condition of the property, the court ruled that questions of fact were presented as to (1) whether the seller knew of the existence of the dumping site and (2) whether the purchaser, with reasonable diligence, could have ascertained the site's existence. The case illustrates that a party seeking to avoid a specific disclaimer clause must demonstrate that the facts alleged to have been fraudulently concealed could not be discovered through the exercise of reasonable diligence.

In the matter under review, by contrast, plaintiffs specifically requested examination of the records of the business and were refused. It is apparent that they were aware that the income of the business was a material fact in which they had received no documentation. In entering into the contract, with the assistance of counsel and without conducting an examination of the books and records, plaintiffs clearly assumed the risk that the documentation might not support the $20,000 weekly income that was represented to them.

Plaintiffs could have easily protected themselves by insisting on an examination of the books as a condition of closing. Alternatively, the contract could have included a condition

subsequent that the sale would be rescinded if the actual sales experienced were significantly less than the represented figure. The standard which a party claiming fraud must meet in order to overcome a specific disclaimer clause is set forth in *Danann Realty Corp. v Harris* (5 NY2d 317, 322, *supra*), relied upon by plaintiffs. It quotes *Schumaker v Mather* (133 NY 590, 596), which states that "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations."

Where a party has no knowledge of a latent condition and no way of discovering the existence of that condition in the exercise of reasonable diligence then, as in *Tahini Invs. v Bobrowsky* (99 AD2d 489, *supra*), he may overcome a specific disclaimer clause and introduce parol evidence of fraudulent inducement. But where, as here, a party has been put on notice of the existence of material facts which have not been documented and he nevertheless proceeds with a transaction without securing the available documentation or inserting appropriate language in the agreement for his protection, he may truly be said to have willingly assumed the business risk that the facts may not be as represented. Succinctly put, a party will not be heard to complain that he has been defrauded when it is his own evident lack of due care which is responsible for his predicament. Concur—Kupferman, J. P., Asch, Wallach and Rubin, JJ.