■ CURRAN, COONEY, PENNEY, INC., et al., Appellants, v YOUNG & KOOMANS, INC., et al., Respondents.—In an action to rescind an asset purchase agreement on the ground of fraud in the inducement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), entered March 5, 1990, which granted the motion of the defendants for summary judgment dismissing the plaintiffs' complaint and for summary judgment in their favor on their counterclaim to recover damages for breach of contract in the principal sum of $341,163.

Ordered that the appeal by the plaintiff Curran, Cooney, Penney, Inc., is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Jerome Orlan; and it is further,

Ordered that the defendants are awarded one bill of costs, payable by the plaintiff Jerome Orlan.

The plaintiff Jerome Orlan contends that he was fraudulently induced by the defendants to enter into a contract for the purchase of the defendants' general insurance business. Specifically, Orlan maintains that the defendants made a written representation in the contract that they reported $172,957 as their net income on their 1985 Federal Income Tax Return, but that that amount was inflated by improper

accounting procedures. However, we find that Orlan presented no proof in admissible form that would support his charge of fraudulent misrepresentation and defeat the defendants' motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Moreover, even assuming, *arguendo,* that the defendants' representation of income was inflated by improper accounting procedures, as Orlan claims, Orlan could not have reasonably relied on that representation. It is well settled that "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations" *(Schumaker v Mather,* 133 NY 590, 596; *see also, Danann Realty Corp. v Harris,* 5 NY2d 317; *198 Ave. B Assocs. v Bee Corp.,* 155 AD2d 273, 274; *DiFilippo v Hidden Ponds Assocs.,* 146 AD2d 737, 738).

Orlan had 30 years of insurance experience when his company initiated the negotiations with the defendants. The plaintiffs were represented by counsel throughout the negotiations, which occurred over five or six months and involved six separate drafts of the contract. During the course of negotiations, the books and records of the defendants' business were made available to and were inspected by the plaintiffs. The plaintiffs were aware that in 1985 the defendants recognized income on a modified cash basis, and they unsuccessfully attempted to insert into the agreement a representation by the defendants that the consideration was based upon gross revenues "received". However, the defendants refused to provide any representation about the income reported in its 1985 tax return. The plaintiffs concede that they terminated negotiations because of their dissatisfaction with the records the defendants provided. Nevertheless, the plaintiffs ultimately agreed to accept the contract with the defendants' limited representation that they reported their business's net income on their 1985 tax return as $172,957. In fact, the plaintiffs do not now dispute that $172,957 was the amount reported on the business's 1985 tax return.

In brief, there is no question that Orlan was put on notice of the existence of material facts about the defendants' business income, but still proceeded with the transaction without securing the available documentation or inserting appropriate language into the agreement for his protection. Thus, Orlan

willingly assumed the business risk that the facts may not have been as represented *(see, Rodas v Manitaras,* 159 AD2d 341, 343).

Accordingly, we find that Orlan's reliance upon the defendants' alleged representation was unreasonable as a matter of law *(see, Ponzini v Gatz,* 155 AD2d 590). Under the circumstances, the court did not err in granting the defendants summary judgment dismissing the complaint and in their favor on their counterclaim for the balance of the purchase price. Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.