■ In the Matter of HARENDRA MEHTA et al., Appellants, v MUKESH MEHTA et al., Respondents. [602 NYS2d 142] —In a proceeding to stay arbitration, the petitioners Harendra Mehta and Amita Mehta appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), entered January 14, 1991, which granted the respondents' motion to confirm the arbitration award, denied their cross motion, *inter alia,* to vacate the award, and granted the respondents a money judgment for amounts due under the award.

Ordered that the order and judgment is affirmed, with costs.

The petitioners contend, *inter alia,* that the arbitration award should be vacated because it is based on fraudulent misrepresentations made by the respondents. The petitioners and the respondents were partners in various United States and Indian businesses and properties. Upon deciding to separate their interests, it was agreed that the petitioner Harendra Mehta would divide the various properties into two "packages", and the respondent Mukesh Mehta would choose one of the packages. This agreement became the basis of the arbitration award. Although all assets were owned jointly, Mukesh Mehta ran the United States businesses and properties, while Harendra Mehta ran the Indian properties. The petitioners

contend that Mukesh Mehta misrepresented the value of the United States businesses and properties, causing the petitioner to overvalue these interests when dividing the jointly-owned assets into the two packages. Mukesh Mehta then chose the Indian package, leaving the petitioners with the United States package, which the petitioners contend is worth far less than Mukesh Mehta had led them to believe.

When claiming fraud in the inducement, "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations" *(Schumaker v Mather,* 133 NY 590, 596; *see also, Danann Realty Corp. v Harris,* 5 NY2d 317; *Curran, Cooney, Penney v Young & Koomans,* 183 AD2d 742, 743). Here, the petitioners, as equal owners of all the businesses and properties in question, had access to all books and records of these holdings. Nevertheless, they chose to rely on the representations of the respondents. Thus, they may not now claim that they were fraudulently induced into entering the agreement which became the arbitration award.

We have examined the petitioners' remaining contentions, and find them to be without merit. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.