■ STUART LIPSKY, P. C., Plaintiff, and NOUVEAU ENTERPRISES, LTD., Appellant, v TODD A. PRICE, Respondent. [625

NYS2d 563] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered July 1, 1994, which granted the motion pursuant to CPLR 3211 (a) (7) by defendant seeking to dismiss the first cause of action of the complaint and which denied plaintiff Nouveau Enterprises, Ltd. ("Nouveau") leave to replead, unanimously affirmed, with costs.

Although on a motion addressed to the sufficiency of a complaint pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and accorded every favorable inference, allegations consisting of bare legal conclusions as well as factual claims either inherently or flatly contradicted by the documentary evidence are not entitled to such consideration *(Mark Hampton, Inc. v Bergreen,* 173 AD2d 220, *lv denied* 80 NY2d 788).

The IAS Court properly dismissed plaintiff Nouveau's first cause of action asserted in the complaint for failure to state a cause of action for fraud pursuant to CPLR 3211 (a) (7). The complaint, in seeking to plead a fraud claim based upon a representation of future conduct, fails to plead any facts giving rise to an inference that the defendant, at the time the promissory representations were made, never intended to honor or act upon his statements *(Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778). Moreover, the only fraud alleged, which relates solely to the underlying breach of contract, does not give rise to a separate cause of action for fraud *(MBW Adv. Network v Century Bus. Credit Corp.,* 173 AD2d 306; *Comtomark, Inc. v Satellite Communications Network,* 116 AD2d 499, 500).

Equally lacking in merit is plaintiff's claim that the defendant fraudulently misrepresented the size and present viability of his law practice, where, as here, the record reveals that the plaintiffs, which had the means available to ascertain the truth, nevertheless chose to rely solely upon the alleged oral representations without any effort to verify that information *via* financial statements *(Matter of Mehta v Mehta,* 196 AD2d 842, 843, *lv denied* 83 NY2d 961; *Rodas v Manitaras,* 159 AD2d 341, 343).

Defendant's alleged representation that he is certain not all of his entertainment law clients will remain with him after he relocated his practice, is, in the absence of a showing that the expression or prediction as to some future event was known by the declarant to be false, also a mere expression of opinion which is not actionable *(Pappas v Harrow Stores,* 140 AD2d 501, 504).

Nor did the IAS Court abuse its discretion in denying plaintiff Nouveau leave to replead since plaintiff's claims, sounding in fraud, fail to allege facts with sufficient specificity to permit an inference of fraudulent intent *(125 Assocs. v Cralin Trading Assocs.,* 196 AD2d 630, 631), and since the record indicates plaintiffs have no viable cause of action for fraud against the defendant *(East Asiatic Co. v Corash,* 34 AD2d 432). Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.