■ DANA COMMERCIAL CREDIT CORPORATION, Respondent, v EUGENE FORMAN et al., Appellants. [649 NYS2d 140] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered August 28, 1995, which granted plaintiff's motion for summary judgment, unanimously affirmed, with costs.

The lease clause under which defendant lessee agreed to "make payments regardless of any problems lessee might have with the equipment including its operations, capability, installations, or repair and regardless of any claim, setoff, counterclaim, or defense lessee might have against the vendor or manufacturer ('Supplier'), salesperson, or other third person" precludes defendants' claim that the third party which sold them the equipment misrepresented that they could return the equipment within 90 days after delivery if not satisfied (*Citibank v Plapinger*, 66 NY2d 90; *Rodas v Manitaras*, 159 AD2d 341). Another provision is explicit that vendors and salespersons were not plaintiff's agents and that representations made by any party could not vary the written terms of the lease. Thus, defendants' remedies, if any, are against the third-party supplier. Defendants' claim that Michigan law applies was not raised before the IAS Court, and we decline to reach that issue (*cf.*, *Martin v City of Cohoes*, 37 NY2d 162). We have reviewed defendants' other claims and find them to be either unpreserved or without merit. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.