■ Kalivia Food Corp., Appellant, v Hunts Point Cooperative Market, Inc., Respondent. [664 NYS2d 347] —In an action, inter alia, for rescission of an agreement modifying a lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated October 16, 1996, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and denied the plaintiff's cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly granted the defendant's motion to dismiss the complaint. The complaint sought rescission of an agreement modifying a lease, based on an alleged violation of Business Corporation Law § 909 which requires that certain dispositions of the assets of a corporation be approved by two-thirds of the voting shareholders. It is well-settled that while, on a motion to dismiss, the facts pleaded are presumed to be true and are accorded every favorable inference, it has also been held that factual claims which are inherently or flatly contradicted by documentary evidence are not entitled to the same consideration (see, Stuart Lipsky, P. C. v Price, 215 AD2d 102; Zigabarra v Falk, 143 AD2d 901). The documentary evidence in this case establishes that the party who signed the lease modification was in fact the sole shareholder of the plaintiff corporation.

Furthermore, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to serve an amended complaint, as it was clear from the record that the proposed amendments were lacking in merit (*see, Leibowitz v Plaza 400 Owners' Corp.*, 226 AD2d 681; *Kaplansky v Kaplansky*, 212 AD2d 667). For example, the proposed causes of action sounding in fraud were properly denied, as the plaintiff cannot show any justifiable reliance on any alleged misrepresentations made by the defendant as to the contents of the lease modification agreement (*see, Matter of Mehta v Mehta*, 196 AD2d 842; *Kenol v Nelson*, 181 AD2d 863; *Sofio v Hughes*, 162 AD2d 518). There was no evidence of any duress or undue influence exerted on the plaintiff's representative when entering into the lease modification agreement (*see, Muller Contr. Co. v New York Tel. Co.*, 40 NY2d 955; *Baratta v Kozlowski*, 94 AD2d 454). The remaining proposed causes of action are also clearly without merit on this record. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.