■ HAROLD E. VOGT et al., Appellants, v EMPIRE BLUE CROSS AND BLUE SHIELD et al., Respondents. [666 NYS2d 5] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 16, 1996, which denied plaintiffs' application for a preliminary injunction and granted defendants' cross motions to dismiss the complaint, unanimously modified, on the law, solely to the extent of declaring valid a stipulation entered between defendants pursuant to which Empire Blue Cross and Blue Shield agreed to cease providing free lifetime health insurance benefits for its former directors and their spouses, and otherwise affirmed, without costs.

The motion court properly dismissed the former Empire directors' complaint, which sought, in essence, to set aside defendants' stipulation. Empire's corporate resolutions to confer free lifetime health insurance upon its former directors violated Insurance Law § 4312 (b), and therefore were illegal and unenforceable (*Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 131-132).

The legislative history submitted by plaintiffs in support of their restrictive interpretation of the statute is unavailing in light of its unambiguous meaning, which was supported by plaintiffs' own submissions at oral argument before the motion court. The statute is not limited to written contracts executed at the commencement of employment and therefore includes the benefits conferred here pursuant to subsequent corporate resolutions. Nor is its proscription restricted to salary and wages or to employment, since "emolument" broadly includes gains from a position or the perquisites of office, and directors are specifically mentioned. Moreover, the statutory interpretation proffered by defendant Department of Insurance, the administrative agency charged with its enforcement, is not irrational or unreasonable, and is therefore entitled to deference (*see, Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545).

Enforcement of the State statute through the stipulation is not preempted by the Employee Retirement Income Security Act (ERISA), because plaintiffs are not employees subject to ERISA's coverage (29 USC § 1002 [2], [6]; *see, Grantham v Beatrice Co.*, 776 F Supp 391, 403-405; *see also, Gallione v Flaherty*, 70 F3d 724, 727-728). In view of this determination, we do not reach the parties' other contentions with regard to preemption.

The termination of the free health insurance did not violate

plaintiffs' State or Federal due process rights because, in light of Empire's reservation of the right to terminate all of its corporate benefit programs, plaintiff had only a mere hope or expectation and not a vested property right therein (*Town of Orangetown v Magee*, 88 NY2d 41, 52). While the reservation of rights was set forth in subsequent brochures, and not in the earlier corporate resolutions authorizing conferral of the free insurance, the claimed irrevocability of the benefits cannot be implied from the resolutions' silence.

Finally, we find no procedural impediment to the dismissal of the complaint (*see, Stuart Lipsky, P. C. v Price*, 215 AD2d 102, 103; *Fillman v Axel*, 63 AD2d 876). We modify solely to the extent of declaring in defendants' favor (*Lanza v Wagner*, 11 NY2d 317, 334).

We have considered plaintiffs' other contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Tom, JJ.