09-0545-cv
Century Pacific, Inc. v. Hilton Hotels Corp.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty fifth day of November two thousand and nine.

PRESENT:

    AMALYA L. KEARSE,
    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CENTURY PACIFIC, INC.,

        *Plaintiff-Appellant,*

    v.                        No. 09-0545-cv

HILTON HOTELS CORP., DOUBLETREE CORP., RED LION HOTELS, INC.,

        *Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

FOR PLAINTIFF-APPELLANT:   COURTLAND L. REICHMAN (Natasha H. Moffitt and Sarah Jorgensen, *on the brief*), King & Spalding LLP, Atlanta, GA


FOR DEFENDANTS-APPELLEES:  JONATHAN C. SOLISH (Glenn J. Plattner and Michael G. Biggers, *on the brief*), Bryan Cave LLP, Santa Monica, CA and New York, NY


Appeal from an order and judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).


**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.


Plaintiff-appellant Century Pacific, Inc. ("plaintiff" or "Century Pacific") appeals from an order of the District Court dated October 16, 2007 granting summary judgment in favor of defendants, Hilton Hotels Corporation, Doubletree Corporation, and Red Lion Hotels, Inc. (jointly, "defendants"). To the extent pertinent to this appeal, plaintiff asserted claims under New York law for (1) common law fraud, (2) negligent misrepresentation, and (3) fraudulent omission. The District Court granted summary judgment upon concluding, *inter alia*, that plaintiff could not show, by clear and convincing evidence, that defendants had the requisite intent to defraud and that plaintiff could not show that its reliance on defendants' purported misrepresentations was reasonable. *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 227-28, 230 (S.D.N.Y. 2007). On appeal, plaintiff primarily argues that the District Court erred in the following respects: (1) by misapplying New York law in holding that plaintiff's reliance on defendants' misrepresentations was unreasonable, (2) by finding insufficient evidence of fraudulent intent, and (3) by striking certain evidence presented in opposition to defendants' motion for summary judgment.[1] We assume the parties' familiarity with the remaining factual and procedural history of the case.


We affirm the judgment of the District Court for substantially the reasons stated in its thorough and careful Opinion and Order dated October 16, 2007. *Century Pac.*, 528 F. Supp. 2d 206. We elaborate on our approval of the District Court's analysis with respect to plaintiff's assertion of "reasonable reliance" on defendants' alleged misrepresentations only because it is an essential element of all of plaintiff's claims and the sole basis for the District Court's dismissal of plaintiff's claims for negligent misrepresentation and fraudulent omission.

---

[1] Plaintiff also asks us to reconsider our decision in *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007), which held that jury trial waivers are enforceable absent fraud going to the waiver provision itself. In light of our affirmance of the District Court's dismissal of all of plaintiff's claims, we need not consider its objection to the District Court's order granting defendants' motion to strike its jury demand because it is moot.

2

In describing the element of "reasonable reliance," the District Court explained that it was required to "look to 'the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them.'" *Id.* at 229 (quoting *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 195 (2d Cir. 2003)).[2] The District Court concluded that Century Pacific's reliance on defendants' alleged oral representation that they had no present intention to sell the Red Lion brand was unreasonable in light of the fact that (1) Century Pacific was a sophisticated party, represented by counsel, (2) it was aware that the agreement at issue granted defendants the right to sell the Red Lion brand, and (3) it attempted to remove the right to sell from the contract but was only partially successful. *See id.* at 230 ("Century understood the risk of a Red Lion sale, it bargained for certain protections against [it], and it reached its own decision to bet that Hilton's interests in the future of the Red Lion brand would be beneficial to it.").

Plaintiff argues that in reaching this conclusion the District Court improperly expanded New York law on reasonable reliance. We disagree, and we note that in *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531 (2d Cir. 1997), we applied New York law and reached a similar conclusion. *Id.* at 1543 & n.11 (relying on *Shepherd v. Whispering Pines, Inc.*, 591 N.Y.S.2d 246, 249 (3d Dep't 1992), *Curran, Cooney, Penney, Inc. v. Young & Koomans, Inc.*, 583 N.Y.S.2d 478, 479 (2d Dep't 1992), and *Rodas v. Manitaras*, 552 N.Y.S.2d 618, 620 (1st Dep't 1990)). In *Lazard Freres*, we held that a sophisticated party could not show reasonable reliance notwithstanding the fact that the contract contained no specific disclaimer of reliance on oral representations, *id.* at 1542 ("No such contractual disclaimer is present in the instant case."), and the fact that the alleged misrepresentation concerned a matter "peculiarly within" the other party's knowledge, *id.* ("Protective did not, therefore, have access to the relevant information."). We explained that

> "[w]here, as here, a party has been put on notice of the existence of material facts which have not been documented and he nevertheless proceeds with a transaction without securing the available documentation *or inserting appropriate language in the agreement for his protection*, he may truly be said to have willingly assumed the business risk that the facts may not be as represented." . . . We believe that the failure to insert such language into the contract—by itself—renders reliance on the misrepresentation unreasonable as a matter of law.

*Id.* at 1543 (emphasis in original) (quoting *Rodas*, 552 N.Y.S.2d at 620).

Although *Lazard Freres* concerned alleged misrepresentations about the contents of a document that the buyer knew existed but was not permitted to review, we believe its reasoning applies with equal force to the issue of defendants' intent in this case. Much like

---

[2] The District Court's misattribution of this quotation to *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531 (2d Cir. 1997), in no way undermines its analysis.

3

the document in *Lazard Freres*, defendants' intent with respect to the future of Red Lion was a valuable piece of information peculiarly within the knowledge of defendants. Nevertheless, plaintiff was concerned about the possibility of a sale and, as in *Lazard Freres*, capable of protecting itself through the terms of the contract. Plaintiff could have insisted that defendants forfeit their right to sell entirely—a concession that it attempted, but ultimately failed, to secure—or inserted language further protecting itself from a sale in the near future. As a sophisticated party confronted with the known risk of a sale, plaintiff's "failure to insert [protective language] into the contract—by itself—renders reliance on the misrepresentation unreasonable as a matter of law." *See id.*

Accordingly, we find no error in the District Court's determination that plaintiff cannot show that it reasonably relied on defendants' alleged misrepresentations.

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the foregoing reasons, the order of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

4