10-1560-cv
Fierro v. Gallucci

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> *Circuit Judges*.

_____

Michael Fierro, Christine Fierro,

> *Plaintiffs-Appellants-Cross-Appellees*,

v.                                                          10-1560-cv (L);
                                                            10-1593-cv (XAP)

Thomas Gallucci and Florence Gallucci, Villa Pointe LLC, James Nicotra and Ann Nictotra,

> *Defendants-Appellees-Cross-Appellants*,

_____

FOR PLAINTIFFS-APPELLANTS:          Michael Fierro, Christine Fierro, *pro se*,
                                    Mableton, GA.


FOR DEFENDANTS-APPELLEES:           John Bennett, Gathman & Bennett, LLP,
                                    Huntington, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Michael and Christine Fierro, proceeding *pro se*, appeal the district court's judgment denying their motion for sanctions under Fed. R. Civ. P. 11 and granting Defendants-Appellees' summary judgment motion, and Defendants-Appellees cross-appeal from the denial of their motion for sanctions under Rule 11. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      Denial of Motions for Sanctions.**

We review a decision on a Rule 11 motion for sanctions for abuse discretion. *See Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted). Here, the district court was required to deny plaintiffs' motion for sanctions for failure to comply with the 21-day "safe harbor," which requires Rule 11 motions to be served on the opposing party 21 days prior to their filing, in order to afford that party an opportunity to withdraw their allegedly sanctionable claims. *See* Fed. R. Civ. P. 11(c)(2); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995). The Rule 11 Advisory Committee Note cited by plaintiffs, which provides that a court may award attorneys' fees to the "target" of a Rule 11 motion, does not create an exception to the safe harbor requirement.

2

Additionally, for the reasons stated in its decision, the district court properly exercised its discretion in denying defendants' motion for sanctions.

## II.     Grant of Summary Judgment.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. With respect to plaintiffs' claim for fraudulent inducement, under New York law, it was not reasonable for plaintiff Michael Fierro, a practicing attorney, to rely entirely on an ambiguous statement in which defendant Thomas Gallucci referenced his new baby, his proximity to his friend and father, and the quality of the schools in the area, as an assurance that the Gallucci's would not redevelop the property at issue if the plaintiffs sold it to them. This is true regardless of whether Gallucci's statement is characterized as opinion or fact. Fierro could have easily eliminated any ambiguity by simply asking Gallucci if he intended to redevelop the property, and explicitly stating his desire to preserve the house. In this sense, Fierro had "the means available to him of knowing, by the

3

exercise of ordinary intelligence, the truth or the real quality of the subject of the

[mis]representation," rendering his reliance unreasonable as a matter of law. *See Curran,*

*Cooney, Penny, Inc. v. Young & Koomans, Inc.*, 583 N.Y.S.2d 478, 479 (App. Div. 1992).

 We have considered the parties' other arguments on appeal and have found them to be

without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

Additionally, plaintiffs' request that we impose sanctions on defendants is **DENIED.**

     FOR THE COURT:
     Catherine O'Hagan Wolfe, Clerk