## TERRA SECURITIES ASA KONKURSBO, et al., Plaintiffs,

v.

## CITIGROUP, INC., et al., Defendants.

## Akershus Fylkeskommunale Pensjonskasse, et al., Plaintiffs,

v.

## Citigroup Global Markets, Inc., et al., Defendants.

No. 09 Civ. 7058(VM).

United States District Court, S.D. New York.

Oct. 11, 2011.

Christine A. Montenegro, Kim Conroy, Lauren Sable McGoey, Marc E. Kasowitz, Charles Matthew Miller, Christopher Barton Benecke, John Charles Canoni, Jon Avins, Michael Matthew Fay, Uri Alexander Itkin, Kasowitz, Benson, Torres & Friedman, LLP, Leonard Anthony Rodes, Trachtenberg, Rodes, and Friedberg, New York, NY, for Plaintiffs.

John Houghton Longwell, Paul Weiss Rifkind Wharton Garrison LLP, Washington, DC, Brad Scott Karp, John Frederick Baughman, Susanna Michele Buergel, Alastair Wood, Daniel H. Levi, Karen R. King, Patrick James Somers, Ralia E. Polechronis, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Defendants.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Plaintiffs Akershus Fylkeskommunale Pensjonskasse ("Akershus") and Langen Invest AS ("Langen," and together with Akershus, "Plaintiffs") filed an amended complaint in this consolidated action on March 2, 2011 (the "Akershus Complaint") naming as defendants Citigroup Global Markets, Inc. and Citigroup Alternative Investments LLC (together, "Citigroup" or "Defendants"). Plaintiffs allege common law fraud and negligent misrepresentation claims.

The Akershus Complaint contains factual allegations and claims that are nearly identical to the common law fraud and negligent misrepresentation claims alleged in two prior complaints filed against Citigroup: a March 15, 2010 complaint filed by Terra Securities ASA Konkursbo ("Terra") and a set of Norwegian municipalities (the "Terra Complaint"), and an April 20, 2010 complaint filed by Banca Carige S.P.A.— Casa Di Risparmio Di Genova E. Imperia, Carige Vita Nuova S.P.A., and Carige As-

sicurazioni S.P.A. (the "Banca Carige Complaint"). All three complaints allege that Citigroup made false and misleading representations in marketing certain securities, known as fund-linked notes ("FLNs"), through Terra in the summer of 2007. By order dated February 2, 2011, the Court consolidated the Akershus Complaint with those two previously consolidated actions.

In a decision dated August 16, 2010 (the "*Terra Securities* Decision"), the Court granted in part and denied in part Citigroup's motion to dismiss the Terra Complaint and granted its motion to dismiss the Banca Carige Complaint. *See Terra Secs. Asa Konkursbo v. Citigroup, Inc.,* 740 F.Supp.2d 441 (S.D.N.Y.2010). Familiarity with that decision, and the Court's initial decision on Citigroup's first motion to dismiss, dated February 17, 2010,[1] is assumed. Here again, Citigroup moves to dismiss the Akershus Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the reasons stated below, Citigroup's motion to dismiss the Akershus Complaint is GRANTED.

# I. BACKGROUND[2]

## A. PLAINTIFFS' FUND–LINKED IN-VESTMENTS

In the spring of 2007, Citigroup, through a London-based affiliate, began providing Terra, a Norwegian securities firm, with materials regarding FLNs linked to the Citi Tender Option Bond investment fund (the "Citi TOB Fund"). Citigroup represented that it designed the Citigroup TOB Fund to take advantage of an "arbitrage opportunity" arising from certain features of the municipal bond market by actively managing a portfolio of long-term municipal bonds. To demonstrate the stability of the Citi TOB Fund, Citigroup explained that it used interest rate swaps to hedge any volatility in the municipal bond market based on the assumption that changes in the interest rates of municipal bonds were highly correlated to changes in London Interbank Offered Rate ("LIBOR").

Citigroup created marketing materials in New York and insisted that Terra use those materials in advising Norwegian entities such as Akershus and Langen. In turn, Terra forwarded to Akershus and Langen the marketing materials provided by Citigroup and participated in investor conference calls hosted by Citigroup regarding the Citi TOB Fund. Ultimately, Terra advised Plaintiffs to invest in the FLNs arranged by Citigroup. Throughout the transactions, Terra acted as Plaintiffs' investment adviser and broker.

On or about June 27, 2007, each of the Plaintiffs made significant investments in the FLNs marketed through Terra. Akershus invested approximately $8.3 million in 10–year FLNs arranged by Citigroup and issued by Banque AIG; Langen invested roughly $9.8 million. Each of these investments was made through Terra as Plaintiffs' purchasing agent.

Shortly after Plaintiffs' investments, the assets held in the Citi TOB Fund began to lose value and the keystone assumption supporting Plaintiffs' decision to invest—the purported correlation between municipal bond interest rates and LIBOR—was demonstrated to be false. Throughout 2008, as economic conditions worsened and

---

**1.** The February 2010 decision is reported at *Terra Securities ASA Konkursbo v. Citigroup, Inc.,* 688 F.Supp.2d 303 (S.D.N.Y.2010).

**2.** The facts below are taken from the Akershus Complaint, which the Court accepts as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 180 (2d Cir.2008) (*citing GICC Capital Corp. v. Tech. Fin. Group, Inc.,* 67 F.3d 463, 465 (2d Cir.1995)). Except where specifically referenced, no further citation to this document will be made.

the value of the Citi TOB Fund continued to decline, Citigroup encouraged Plaintiffs to maintain their investment, and, in February of 2009, Plaintiffs contributed further funds to their respective Citi reserve accounts to prevent liquidation of the FLNs. Plaintiffs allege over $13 million in damages stemming from their decision to invest and remain invested based on Citigroup's alleged misrepresentations.

### B. *THE MARKETING MATERIALS*

The Akershus Complaint-like the Terra and Banca Carige Complaints before it-focuses on a presentation prepared by Citigroup entitled, "Citigroup Municipal Investors: TOB Capital Municipal Portfolio" (the "Presentation"). Citigroup provided the Presentation to Terra and insisted that Terra forward it to Akershus, Langen and other potential investors in Norway. Plaintiffs allege that the Presentation was materially misleading because it:

- characterized municipal bonds as safe, low-risk investments;
- represented the Citi TOB fund as actively managed by industry experts, though the Citi TOB Fund was, in reality, administered by a computer program without active managers; and
- misleadingly featured a chart depicting *levels* of interest rate changes rather than the more useful depiction of *rates* of interest rate changes, was based upon improper assumptions and an inappropriate data source, and contained an unacceptably high standard error.

Additionally, Plaintiffs aver that the information provided in the Presentation was materially incomplete in several important ways. Among other omissions, the Presentation allegedly failed to describe the assets actually contained in the Citi TOB Fund or the form of the underlying agreements. Plaintiffs neither requested

nor received this information prior to investing in the FLNs; nor did they obtain or review any offering memoranda or prospectuses related to the FLNs or the Citi TOB Fund. Plaintiffs also assert that the *Presentation* was misleading because it failed to outline the two principal risks associated with investments in municipal bonds: credit risk and liquidity risk.

In sum, the allegations contained in the Akershus Complaint closely track those pled in the Terra and Banca Carige Complaints. *See Terra Secs.*, 740 F.Supp.2d at 445–46. In their motion papers, Plaintiffs do not contest that the factual allegations regarding Citigroup's alleged misrepresentations are substantially the same as those set forth in the previous complaints.

### II. *LEGAL STANDARD*

In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

For the purposes of deciding a motion to dismiss, the Court accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the plaintiff's favor. *See Iqbal*, 129 S.Ct. at 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and

then determine whether they plausibly give rise to an entitlement to relief."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002) (finding that all reasonable inferences shall be drawn in plaintiff's favor). However, allegations that are no more than legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950.

## III. *DISCUSSION*

### A. *COMMON LAW FRAUD*

■■■ To state a claim for common law fraud under New York law, a plaintiff must allege: "(1) a material representation or omission of fact; (2) made with knowledge of its falsity; (3) with an intent to defraud; and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." *Haggerty v. Ciarelli & Dempsey*, 374 Fed.Appx. 92, 94 (2d Cir.2010) (*citing Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 883 N.Y.S.2d 147, 910 N.E.2d 976 (2009)). Claims of common law fraud must satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See Abercrombie v. Andrew College*, 438 F.Supp.2d 243, 274 (S.D.N.Y.2006).

Defendants argue that Plaintiffs fail to plead the third and fourth elements of their common law fraud claims, namely, scienter, or the intent to defraud Plaintiffs, and reasonable reliance upon the alleged material misstatements. First, the Court will address the element of reasonable reliance.

■■■ New York law requires that plaintiffs alleging common law fraud demonstrate reasonable reliance on a material misrepresentation. *See Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir.1997). A plaintiff must show that there was some basis for it to have relied on the alleged misstatement or omission. To determine, on a motion to dismiss, whether a plaintiff has alleged reasonable reliance, a court may "consider the entire context of the transaction, including ... the sophistication of the parties, and the content of any agreements between them." *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 195 (2d Cir.2003); *see also Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2, 5–9 (2d Cir. 1996); *In re Livent, Inc.*, 151 F.Supp.2d 371, 439 (S.D.N.Y.2001).

This Court has already held, as a matter of law, that a sophisticated investor would not have reasonably relied on the statements made in the Presentation in deciding to invest in the FLNs or the Citi TOB Fund. *Terra Secs.*, 740 F.Supp.2d at 450–51. Citigroup, drawing upon the Akershus Complaint and publicly available documents regarding Plaintiffs,[3] argues that Akershus and Langen are sophisticated investors.

---

**3.** Citigroup includes in its motion papers a Declaration of Daniel H. Levi in Support of Defendants Motion to Dismiss the Akershus and Langen Invest Amended Complaint ("Levi Declaration"). Attached to the Levi Declaration are various publicly-available documents regarding Plaintiffs' corporate purposes and structure, resources and general background; most are taken directly from Plaintiffs' websites or governmental filings. As Plaintiffs correctly note, in reviewing a motion to dismiss, a court may not consider documents extrinsic to the complaint unless judicial notice of such documents is appropriate and the documents are not used to establish the truth of their contents. *Global Network Comm'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir.2006). Here, because Citigroup submits these documents to show the truth of their contents—namely that Plaintiffs are sophisticated investors as demonstrated by their annual reports, financial statements and online representations—the Court has not considered them in assessing this motion to dismiss.

The facts alleged in the Akershus Complaint are sufficient to establish that, as a matter of law, Akershus and Langen were sophisticated investors and could not justifiably rely upon the alleged misstatements in the Presentation. Akershus is a public pension fund, and, as such, one of its principal purposes is to evaluate and pursue investment opportunities. *See, e.g., LeBlanc v. Cahill,* 153 F.3d 134, 148–49 (4th Cir.1998) (pension fund's "fraud claim fail[ed] as a matter of law[ ] because no reasonable juror could find justifiable reliance on the [defendants'] statements and omissions in investing fifteen million dollars" given that it was "a sophisticated business entity with considerable experience in evaluating investment opportunities"); *San Diego Cnty. Emps. Ret. Ass'n v. Maounis,* 749 F.Supp.2d 104, 120–21 (S.D.N.Y.2010) (finding pension fund to be sophisticated investor based on identification as pension fund in complaint). The same can be said of Langen, which, according to the Akershus Complaint is a "private investment company." (Akershus Complaint ¶ 14). Neither a pension fund nor a private investment company could reasonably or justifiably invest millions of dollars relying only upon a PowerPoint presentation and without obtaining basic documentation or performing any independent analysis of facially dubious representations. *See Terra Secs.,* 740 F.Supp.2d at 449–51 (providing reasons why sophisticated investor could not justifiably rely upon Presentation without requesting further information or performing independent analysis).

Even if the corporate purposes of Akershus and Langen do not render each a sophisticated investor as a matter of law, each must be held to the standards of a sophisticated investor because, at all relevant times, Terra acted as the adviser, broker and purchasing agent to both Akershus and Langen. The Akershus Complaint alleges that Akershus and Langen relied upon Terra in making their decision to purchase the FLNs and that Terra was the exclusive conduit of information between Plaintiffs and Citigroup. Sophisticated plaintiffs who engage the services of a sophisticated investment adviser are themselves held to the standard of sophisticated investors in the fraud context. *See, e.g., San Diego Cnty. Emps. Ret. Ass'n,* 749 F.Supp.2d at 121 ("Given the sophistication of SDCERA and its investment advisor ... the Court finds Plaintiff's purported reliance on statements made before the execution of the Subscription Agreement to be unreasonable as a matter of law."); *Granite Partners, L.P. v. Bear, Stearns & Co.,* 17 F.Supp.2d 275, 291 (S.D.N.Y.1998) (imputing sophistication of adviser to plaintiff investor in dismissing fraud and negligent misrepresentation claims).

Additionally, Terra served as the Plaintiffs' purchasing agent and was the entity that actually procured the FLNs. (*See* Akershus Complaint ¶ 45 ("The transaction was structured so that Terra purchased the Banque AIG FLNs for the benefit of Plaintiffs.").) It is settled law that an agent's acts will be imputed to the principal "even where the agent acts less than admirably[ or] exhibits poor business judgment." *Kirschner v. KPMG LLP,* 15 N.Y.3d 446, 912 N.Y.S.2d 508, 938 N.E.2d 941, 951 (2010). The Akershus Complaint pleads that Terra served as the agent of Akershus and Langen with respect to the Citi TOB Fund transactions. Thus, Terra's failure to reasonably investigate the alleged misrepresentations in the Presentation may be imputed to Plaintiffs, and their reliance upon the representations in the Presentation was unjustifiable as a matter of law. *Id.* ("[W]here conduct falls within the scope of the agent's authority, everything they know or do is imputed to their principals."). *See also Silva Run Worldwide Ltd. v. Gaming Lottery Corp.,*

No. 96 Civ. 3231, 2001 WL 396521, at *11 (S.D.N.Y. Apr. 19, 2001) ("Plaintiff's agent disclaim[ed] any reliance … [and] Plaintiff did not disavow either the [disclaimer or the agent's] authority to sign the [disclaimer] …. Plaintiff has not alleged sufficient facts necessary to overcome this waiver and infer reasonable reliance on any statements allegedly made by [defendant]."). *Cf. In re Beacon Assocs. Litig.*, 745 F.Supp.2d 386, 408–09 (S.D.N.Y.2010) (denying motion to dismiss claims based on alleged misstatements where plaintiff plead reliance by its agent upon representations made by defendant).

Plaintiffs contend that they cannot be considered sophisticated investors as a matter of law because (1) such a determination is inappropriate at the motion to dismiss stage, (2) they made no contractual representations as to their sophistication, and (3) they were novices in regards to investing in FLNs. Each of Plaintiffs' arguments is unavailing.

■ First, this Court has already explained that a determination of reasonable reliance, while often a question of fact, may be disposed of on a motion to dismiss where the pleadings demonstrate that the plaintiff is a sophisticated investor and its reliance was unjustifiable under the facts as pled. *Terra Secs.*, 740 F.Supp.2d at 449–51.

Second, the absence of contractual representations as to their sophistication does not shield Plaintiffs from a determination that they must be held to the standard of sophisticated investors here. A review of the facts as pled in the Akershus Complaint, as detailed above, demonstrates that Akershus and Langen were sophisticated investors for purposes of the reasonable reliance analysis. Plaintiffs point to no case—save the *Terra Securities* Decision—that arguably requires a contractual admission of sophistication to defeat an assertion of reasonable reliance. In *Terra Securities*, the contractual representations of Terra and Banca Carige confirmed the sophistication of those parties as evident from the Terra and Banca Carige Complaints; such representations were not necessary to show sophistication. *Id.* at 449.

Finally, just as in *Terra Securities*, "Plaintiffs point to no authority that would shield a foreign financial firm from the duty to conduct their own research and analysis of United States-based investments and publicly available interest rates." *Id.* at 451 n. 8. That they had never before invested in FLNs does not excuse Plaintiffs' failure to conduct the diligence expected of a pension fund and private investment company or its designated agents. *See Ashland Inc. v. Morgan Stanley*, 700 F.Supp.2d 453, 469 (2d Cir.2010) ("Where the investor knows that he or she is in a position to acquire additional information, but does not inquire, the Second Circuit has found that the duty to exercise minimal diligence renders the investor's reliance unreasonable." (internal quotations omitted)); *Terra Secs.*, 740 F.Supp.2d at 451 & n. 8 ("[T]he Court is not persuaded that Banca Carige and Terra had no duty to conduct an independent appraisal of a statistical representation based on publicly-available interest rates." (*citing Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1542 (2d Cir.1997))).

The cases cited by Plaintiffs are inapposite. *Caiola v. Citibank, N.A.*, 295 F.3d 312 (2d Cir.2002), deals with an investor's reasonable reliance on misleadingly incomplete statements regarding the defendants' future plans. *Id.* at 330. There, the defendants had made false representations that they would maintain their hedging strategy moving forward, *id.*; here, Citigroup is not alleged to have hidden information about its future actions with regard

to the Citi TOB Fund. The New York state cases cited by Plaintiffs stand for the proposition that sophisticated investors may satisfy the reasonable reliance element where the information necessary to uncover the misstatement was unavailable to the plaintiff. *Barneli & Cie S.A. v. Dutch Book Funds SPC, Ltd.*, No. 600871/08, 28 Misc.3d 1232(A), 2010 WL 3504780, at *10 (2010); *Aris Multi–Strategy Offshore Fund, Ltd. v. Devaney*, 26 Misc.3d 1221(A), 907 N.Y.S.2d 98, at *9 (2009). As this Court has already found, however, Citigroup was not in exclusive possession of the information necessary to uncover the alleged misrepresentations in the Presentation. *See Terra Secs.*, 740 F.Supp.2d at 451.

Because Akershus and Langen are sophisticated investors, as a matter of law their reliance upon the representations in the Presentation without pursuing further documentation or independent data analysis was unjustifiable. *See Terra Secs.*, 740 F.Supp.2d at 449–451. The Court, therefore, need not reach Citigroup's arguments as to scienter. Accordingly, the claim of common law fraud alleged in the Akershus Complaint must be dismissed and Citigroup's motion to dismiss Plaintiffs' common law fraud claim is GRANTED.

## B. *NEGLIGENT MISREPRESENTATION*

■ To sustain a claim for negligent misrepresentation, a plaintiff must plead (1) a special relationship with the defendant gave rise to the defendant's duty to avoid negligently making misstatements and (2) reasonable reliance upon a defendant's misstatement. *Terra Secs.*, 740 F.Supp.2d at 455 (*citing Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 446 F.Supp.2d 163, 198 (S.D.N.Y.2006); *Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20 (2d Cir.2000)). For the reasons described above, Plaintiffs have failed to plausibly

allege reasonable reliance on Citigroup's alleged misrepresentations. The heightened duty placed on sophisticated investors applies with equal force to the reliance prong of negligent misrepresentation. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 354 Fed.Appx. 496, 498 (2d Cir. 2009) (finding reliance by sophisticated party unreasonable for purposes of negligent misrepresentation claim). Accordingly, Citigroup's motion to dismiss Plaintiffs' negligent misrepresentation claim is GRANTED.

## IV. *LEAVE TO REPLEAD*

■ The Court finds that any repleading would be futile and thus denies Plaintiffs leave to replead. Although a court "should freely give leave" to amend "when justice so requires," Fed.R.Civ.P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend. A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007) (citations omitted). Repleading would be futile because, consistent with the Court's determination in *Terra Securities* following its review of similar and related facts, the Plaintiffs are sophisticated investors and therefore cannot establish reasonable reliance on the facts as alleged in each of the numerous complaints filed in this consolidated action. Because each of the complaints has alleged substantially similar facts, and those facts cannot support a claim for fraud or negligent misrepresentation brought by these Plaintiffs, leave to replead is denied.

## V. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 74) of defendants Citigroup Alternative Investments LLC and Citigroup Glob-

al Markets, Inc. to dismiss the amended complaint of Akershus Fylkeskommunale Pensjonskasse and Langen Invest AS (the "Akershus Complaint") is GRANTED, and the Akershus Complaint is dismissed with prejudice.

**SO ORDERED.**