**TERRA SECURITIES ASA KONKURSBO, et al.,**
Plaintiffs,

v.

**CITIGROUP, INC., et al., Defendants.**

**Akershus Fylkeskommunale Pensjonskasse, et al.,**
Plaintiffs,

v.

**Citigroup Global Markets, Inc., et al., Defendants.**

**No. 09 Civ. 7058.**

United States District Court, S.D. New York.

Oct. 20, 2011.

---

Christine A. Montenegro, Kim Conroy, Lauren Sable McGoey, Marc E. Kasowitz, Charles Matthew Miller, Christopher Barton Benecke, John Charles Canoni, Jon Avins, Michael Matthew Fay, Uri Alexander Itkin, Kasowitz, Benson, Torres & Friedman, LLP, New York, NY, for Plaintiffs.

Brad Scott Karp, John Frederick Baughman, Susanna Michele Buergel, Alastair Wood, Daniel H. Levi, Karen R. King, Patrick James Somers, Ralia E. Polechronis, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, John Houghton Longwell, Paul Weiss Rifkind Wharton Garrison LLP, Washington, DC, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By letter dated October 17, 2011, defendants Citigroup, Inc., Citigroup Global Markets, Inc., Citigroup Alternative Investments LLC and Citigroup Financial Products, Inc. (collectively, "Defendants") requested a pre-motion conference for leave to file a motion for reconsideration of the Court's Order dated October 14, 2011 (the "Order") and for a stay of discovery. The Court deems Defendants' October 17, 2011 letter a motion for reconsideration of the Order.

Plaintiffs Norwegian Municipalities Bremanger, Hattfjelldal, Hemnes, Kvinesdal, Narvik, Rana and Vik (collectively, the "Municipalities") submitted a letter dated October 18, 2011 in response to Defendants' October 17, 2011 letter. Based on

the parties' submissions and for the reasons set forth below, the Court denies Defendants' motion for reconsideration and for a stay of discovery.

▋ Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litg.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). To these ends, a request for reconsideration under Rule 6.3 of this Court's Local Civil Rules ("Rule 6.3"), which governs motions for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

To assess the Defendants' motion for reconsideration, a brief history of the relevant decisions and orders in this litigation is necessary. On August 16, 2010, 740 F.Supp.2d 441 (S.D.N.Y.2010), the Court dismissed fraud and negligent misrepresentation claims brought by sophisticated investors, including Terra Securities ASA Konkursbo ("Terra"), against Defendants, but denied Defendants' motion to dismiss those same claims brought by the Municipalities, who all parties agreed to be unsophisticated. *See Terra Secs. Asa Konkursbo v. Citigroup, Inc.*, 740 F.Supp.2d 441, 451 (S.D.N.Y.2010); *id.* at 449 n. 5. Building upon that decision in an October 11, 2011, 820 F.Supp.2d 541, 2011 WL 4898084 (S.D.N.Y.2011) Decision and Order (the "Akershus Decision"), the Court dismissed substantially similar fraud and negligent misrepresentation claims brought against Defendants by a different set of sophisticated investors, Akershus Fylkeskommunale Pensjonskasse and Langen Invest AS (the "Akershus Plaintiffs").

By letter dated October 12, 2011, Defendants moved for judgment on the pleadings as to the Municipalities' claims for fraud and negligent misrepresentation. Defendants asserted that the reasoning of the Akershus Decision applied with equal force to the Municipalities and compelled dismissal of the Municipalities' amended complaint. Specifically, Defendants pointed to language in the Akershus Decision that discussed the imputation of the knowledge and actions of a plaintiff's agent to the plaintiff for purposes of analyzing

reasonable reliance upon alleged misrepresentations; Defendants asserted that this language compelled imputation even to unsophisticated principals like the Municipalities because Terra served as the conduit of information and purchasing agent for both the Akershus Plaintiffs and the Municipalities as to all of the underlying transactions. The Order rejected this argument and denied the Defendants' motion for judgment on the pleadings, finding that the Akershus Decision, including the imputation argument, was based upon the sophistication of the Akershus Plaintiffs.

Again, in their motion for reconsideration, the Defendants argue that the Akershus Decision held that the sophistication and actions of an agent must be imputed to the principal for purposes of analyzing reasonable reliance, regardless of the plaintiff's level of sophistication. Defendants assert that there is no basis to distinguish the agency relationship between the Akershus Plaintiffs and Terra, as alleged in the Akershus Plaintiffs' amended complaint, and the relationship between the Municipalities and Terra, as alleged in the Municipalities' amended complaint.

■ The dismissal of fraud and negligent misrepresentation claims in the Akershus Decision, however, was expressly premised upon the action having been brought by the Akershus Plaintiffs, who were sophisticated investors represented by a sophisticated agent. (*See* Akershus Decision, Slip Op. at 10–16.) The entirety of the Akershus Decision was based upon the alleged facts indicating the sophistication of the Akershus Plaintiffs. This included the portion of the Akershus Decision that discussed imputation of Terra's failures to the Akershus Plaintiffs in the absence of a finding of sophistication as a matter of law. Because the Municipalities are unsophisticated as a matter of law, the Akershus Decision regarding sophisticated plaintiffs does not govern the disposition of the Municipalities' claims.

This distinction is buttressed by the terms of the distribution agreement between Defendants and Terra, which is incorporated in both sets of plaintiffs' amended complaints, and appended to Defendants' October 17, 2011 letter. For example, that distribution agreement, under which Terra marketed the investments to both the Akershus Plaintiffs and the Municipalities, governed Terra's "selling activities" on behalf of Defendants. The distribution agreement limited the scope of Terra's "selling activities" to "distribut[ing] and market[ing] … to *sophisticated institutional investors.*" (October 17, 2011 letter, Ex. A § 2.1). Once more, while the Akershus Plaintiffs were sophisticated institutional investors, the Municipalities were not. The contract between Defendants and Terra, then, though pled in each amended complaint, has differing significance in the context of each amended complaint and renders the relationship between Terra and the Akershus Plaintiffs fundamentally distinct from that between Terra and the Municipalities.

The Order was based upon the difference in the degree of sophistication of the Akershus Plaintiffs as compared to that of the Municipalities. Further, the legal consequences of the contractual and agency relationships pled in each amended complaint varies depending upon the degree of sophistication of the particular entity bringing misrepresentation claims. Because Defendants' request fails to refute that difference in sophistication or its legal significance, Defendants have failed to show that the Order represents a clear error. *See Virgin Atl. Airways, Ltd.,* 956 F.2d at 1255. Defendants have asserted no other grounds for reconsideration. Therefore, Defendants' motion for recon-

sideration and a stay of discovery is denied.

Accordingly, it is hereby

**ORDERED** that the motion for reconsideration and for a stay of discovery that the Court deemed contained in the October 17, 2011 letter (Docket No. 97) submitted by defendants Citigroup, Inc., Citigroup Global Markets, Inc., Citigroup Alternative Investments LLC and Citigroup Financial Products, Inc. is **DENIED.**

**SO ORDERED.**